**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4541

KEVIN CAMPFIELD, a/k/a Kevin
Macon,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4542

VIRGINIA DOUGLAS, a/k/a Mrs. V.,
a/k/a Valerie Johnson, a/k/a Valerie
Jones,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-98-315-CCB)

Submitted: April 10, 2000

Decided: May 11, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth W. Ravenell, Harry Levy, SCHULMAN, TREEM, KAMIN-KOW, GILDEN & RAVENELL, L.L.C., Baltimore, Maryland; Stanley H. Needleman, Brian J. Murphy, Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Lisa M. Turner, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Campfield and Virginia Douglas each pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994), reserving the right to appeal the denial of their motions to suppress evidence. See Fed. R. Crim. P. 11(a)(2). On appeal, they contend that there was no reasonable suspicion or probable cause to stop and detain Campfield. They also assert that the search of the bags was not incident to the arrest because the search preceded the arrest. We grant Douglas' motion to file a pro se supplemental brief, have reviewed the briefs and joint appendix, and find no reversible error.

After a thorough review of the transcript of the hearing on the motions to suppress and the district court's reasoning, we find no error in the district court's denial of the motions to suppress on the grounds that the officers had a reasonable suspicion that the bags Campfield was unloading from the vehicle contained cocaine, that the officers had probable cause to arrest once the dogs alerted on the bags, and that the search of the bags was incident to the arrest. See Ornelas v. United States, 517 U.S. 690, 699 (1996) (providing standard of review). Nor do we find that the district court clearly erred

2

in determining the amount of drugs attributable to Douglas. <u>See</u> <u>United States v. Randall</u>, 171 F.3d 195, 210 (4th Cir. 1999) (stating standard of review).

Accordingly, we affirm Campfield's and Douglas' convictions and Douglas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3